IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



GODWIN ASIFO,  )
       Petitioner,  )
V.  )  Criminal No. 1:09CR32
  )  Civil Action No. 1:12CV150
UNITED STATES OF AMERICA,  )
  )
       Respondent.  )
  )

MEMORANDUM OPINION

This case is before the Court on the Petitioner's Motion to Vacate and Correct his Sentence pursuant to Title 28, United States Code (U.S.C.), Section 2255.

On November 13, 2008, the Petitioner was arrested on a Criminal Complaint charging him with one count of mail fraud. On January 15, 2009, a grand jury indicted him on four counts of mail fraud and one count of wire fraud. The matter proceeded to trial on August 4, 2009, and on August 6, 2009, a jury returned guilty verdicts on two counts of mail fraud and one count of wire fraud. Upon motion of the United States, the Court dismissed the remaining two counts. On November 20, 2009, the Court sentenced the Petitioner to serve 57 months imprisonment to be followed by three years of supervised release. The Petitioner filed an appeal, which was denied in an unpublished

opinion on September 6, 2011. The Fourth Circuit Court of Appeals issued its mandate on September 28, 2011.

The Petitioner alleges three reasons in his Petition why this Court should vacate his convictions. He contends that the Court lacked jurisdiction because the Indictment was defective, and that the Court lacked jurisdiction because the arraignment was conducted by a magistrate judge and that the Speedy Trial Act, 18 U.S.C. § 3161, was violated.

The Petitioner filed a direct appeal following his sentencing, but did not raise any of the three issues in his appeal. Petitioner's trial counsel, John Iweanoge, noted the appeal, and the appellate court appointed Robert Flax to represent the Petitioner. Mr. Flax filed a brief on behalf of the Petitioner, and argued five issues, which all related to the Petitioner's sentence. The brief did not raise any of the three issues that the Petitioner includes in his instant petition to this Court.

The three issues that the Petitioner raises in his Petition are all issues that could have been raised in his direct appeal. Accordingly, he has waived his right to raise the issues before this Court unless he can show either cause and prejudice resulting from the errors, or that there would be a miscarriage of justice if this Court did not consider his arguments contained in his Petition. United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). To establish a miscarriage of justice, the Petitioner would have to show that he was

2

actually innocent of the crimes for which he was convicted by clear and convincing evidence. None of the Petitioner's arguments suggest any basis for a finding of actual innocence.

The law does allow a Petitioner to establish cause for failing to raise an issue on direct appeal by showing that his appellate counsel was ineffective by not raising the issues on appeal. The Petitioner, however, would have to make allegations that would establish both that his attorney's performance fell below an objective standard of reasonableness and that the Petitioner suffered prejudice as a result.

The Petitioner contends that he did not address the three issues in his direct appeal because communications had broken down between his appellate counsel and him. Although the Fourth Circuit has recommended that appellate counsel consult with their clients, there is not a constitutional duty to do so. Smith v. Cox, 435 F.2d 453, 459 (4th Cir. 1970), *vacated on other grounds*, 92 S.Ct. 174 (1971). See also Campbell v. Greene, 440 F.Supp.2d 125, 152 (N.D.N.Y. 2006). Assuming that appellate counsel did not consult with the Petitioner as counsel prepared the brief, that action alone would not establish that counsel's performance was below an objective standard of reasonableness.

In writing an appellate brief, counsel is not required to raise every claim arising from the trial. Counsel has the discretion to

eliminate weaker arguments. <u>Jones v. Barnes</u>, 463 U.S. 745, 751-54 (1983). To establish that counsel's performance was constitutionally deficient, therefore, the Petitioner must show that counsel decided not to pursue significant and obvious issues while arguing weaker issues. <u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2nd Cir. 1994). The issues that the Petitioner identifies in his Petition, however, and which he suggests were not raised on appeal because of an error by counsel, were not significant and obvious issues for appeal.

The Petitioner's first contention is that this Court did not have jurisdiction because the Indictment was defective. The Indictment charged mail fraud and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343. The elements of mail fraud are: (1) a scheme to defraud, (2) use of the United States mail or any commercial or private interstate carrier in furtherance of the scheme, and (3) a material statement in furtherance of the scheme. <u>Neder v. United States</u>, 527 U.S. 1, 25 (1999) (third element); <u>United States v. Delfino</u>, 510 F.3d 468, 471 (4th Cir. 2007) (first two elements). The first and third elements of wire fraud are the same, but the second is different in that wire fraud requires the use of an interstate wire in furtherance of the scheme to defraud. <u>United States v. ReBrook</u>, 58 F.3d 961, 966 (4th Cir. 1995).

4

An Indictment is sufficient if it alleges the elements of the offenses and informs a defendant of the exact charges, and (2) enables the defendant to plead double jeopardy in later prosecutions for the same offense. United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998). Ordinarily, an indictment that tracks the statutory language is sufficient. United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990). The charges in the Petitioner's Indictment tracked the language of the two statutes and covered the three elements of each of the offenses. In addition, the Indictment described the scheme to defraud in some detail and specifically identified the mailings and wires that formed the bases for each of the counts of the indictment. The Indictment was not insufficient, appellate counsel was not ineffective for failing to argue it on direct appeal, and the Petitioner suffered no prejudice as a result of appellate counsel having not raised the issue on direct appeal.

The Petitioner's second claim is that this Court did not have jurisdiction because a magistrate judge conducted the arraignment. The Petitioner errs in this allegation. Docket entry 13 correctly shows that the arraignment was held before this Court. It appears that the Petitioner confused his initial appearance and his preliminary hearing with the Arraignment. The initial appearance hearing was conducted by Magistrate Judge Ivan D. Davis, and the preliminary hearing was conducted by Magistrate Judge Thomas Rawles

5

Jones, Jr. Federal Rules of Criminal Procedure 5 and 5.1 specifically authorize magistrate judges to conduct these two types of hearings. The Petitioner's appellate counsel, therefore, properly did not raise this second issue of the Petitioner's on direct appeal, and the Petitioner suffered no prejudice from that decision.

The Petitioner's third issue is that his trial and conviction were in violation of the Speedy Trial Act. Although this Court granted the Petitioner two continuances of his trial date following his Indictment, the Petitioner claims that his convictions were in violation of the Speedy Trial Act because his Indictment was not returned within 30 days of his initial appearance before the Court.

Docket entry 5 shows that the Petitioner's initial appearance took place on November 13, 2008. 18 U.S.C. 3161(b) required that the Indictment be returned by December 13, 2008, subject to excludable time under Section 3161(h). On December 9, 2008, the parties filed a Joint Motion to extend the speedy trial deadline until January 16, 2009. Defense counsel, government counsel, and the Petitioner himself signed this Motion. This Motion represented that the parties were discussing the possibility of resolving the matter through a pre-indictment plea agreement. 18 U.S.C. § 3161(h)(1)(1) specifically permits delays to allow a Court to consider a plea agreement. The Joint Motion in this case sought an extension for a similar purpose.

On December 9, 2008, the Honorable Leonie M. Brinkema signed an Order granting the Motion and extending the time for filing an indictment until January 16, 2009. In her Order, Judge Brinkema found, contrary to what the Petitioner has alleged, that the ends of justice that would be served by granting the extension outweighed the best interests of the public and the Petitioner in a speedy trial. Subsequently, the Indictment upon which the Petitioner was tried was returned on January 15, 2009. Appellate counsel, therefore, likely would not have prevailed on the speedy trial issue had he raised it before the Court of Appeals.

Accordingly, appellate counsel neither performed below an objective level of reasonableness, nor caused the Petitioner prejudice, by not raising on the direct appeal the weak arguments now made by the Petitioner. Because appellate counsel was not ineffective in omitting the Petitioner's three issues on direct appeal, the Petitioner has not alleged a sufficient external cause for the omission of the three issues from his direct appeal. Furthermore, because there was no reasonable probability that Petitioner would have prevailed on direct appeal on any of the arguments he now makes, Petitioner cannot demonstrate the prejudice he has to show under Strickland v. Washington, 466 U.S. 668 (1984), to make out the second prong of an ineffectiveness of counsel claim. Richardson v. Branker, 668 F.3d 141 (4th Cir. 2012). The three

issues now raised by the defendant were waived when they were not raised on direct appeal, and even if the issues were not waived, none of them provide a basis for vacating the Petitioner's convictions.

The Petitioner has alleged no facts that need to be resolved by this Court. This Motion can be resolved without an evidentiary hearing. For the foregoing reasons the Petitioner's Motion should be denied.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
~~March~~ Apr 3, 2012